## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**STEPHEN CHRISTOPHER PLUNKETT**
**Reg. #36265-177**                                                                 **PLAINITFF**

**V.**                               **NO. 2:23-cv-00116-LPR-ERE**

**MERRICK B. GARLAND,** *et al*.                               **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections:**

This Recommended Disposition (RD or Recommendation) has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation.  Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

II.    **Background:**

Plaintiff Stephen Christopher Plunkett, incarcerated in the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed this federal civil rights lawsuit *pro se* under *Bivens v. Six Unknown Agents of the Fed. Bureau of*

*Narcotics*, 403 U.S. 388 (1971).[1] *Doc. 1*. Mr. Plunkett's original complaint alleged that: (1) FCI-FC medical staff have been deliberately indifferent to his serious medical needs; (2) Department of Justice staff incarcerated him at a prison that is two levels above his scored security level in violation of his First Amendment rights; (3) FCI-FC staff have interfered with his access to the courts; and (4) FCI-FC staff have retaliated against him. Mr. Plunkett named 17 individuals as Defendants. In the caption of his complaint, he made clear that he sued Merrick B. Garland and Collette Peters in their official and individual capacities, but he failed to state the capacity in which he sued the remaining Defendants. Because Mr. Plunkett's original complaint was deficient, the Court provided him an opportunity to amend. *Doc. 6*.

On August 7, 2023, Mr. Plunkett filed a 182-page amended complaint which included: (1) a motion for an extension of time to file an amended complaint; and (2) a motion for a temporary restraining order and preliminary injunction. *Doc. 13*. The Court provided Mr. Plunkett additional time to file a second amended complaint.

---

[1] Mr. Plunkett titled his complaint a "petition for a writ of habeas corpus under 28 U.S.C. § 2241 and, if necessary, *Bivens*." *Doc. 1 at 1*. However, in his complaint, Mr. Plunkett alleged that the conditions of his confinement are unconstitutional. He sought monetary relief and a Court order transferring him to another facility. Mr. Plunkett did not: (1) complain that he has been unlawfully sentenced or detained; or (2) seek a reversal of his conviction or release from custody. As a result, the Clerk correctly docketed Mr. Plunkett's solely as a civil rights action under *Bivens*. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus.").

*Doc. 14*. However, because Mr. Plunkett's request for preliminary injunctive relief was improperly embedded in his first amended complaint, the Court denied his request for preliminary injunctive relief. See Local Rule 7.2(e) (providing that motions seeking preliminary injunctive relief "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."). *Doc. 14 at 1*.

Mr. Plunkett has now filed a second amended complaint. *Doc. 19*. In that pleading, he sues 28 named individuals; a number of unnamed individuals, including unidentified members of the FBI and CIA; the Director of the Federal Bureau of Prisons; and the United States Postal Service. *Id. at 2-5*. Mr. Plunkett alleges that, "in an effort to conceal the nature of his biological relationship to Plunkett, Defendant Joseph Robinette Biden, Jr., the current President of the United States of America,"[2] instructed Defendants, including Merrick Brian Garland, the current Attorney General of the United States, to conspire against him to violate his: (1) First Amendment right to access the courts and the press; (2) Fourth Amendment prohibition against unreasonable searches and seizures; (3) Fifth Amendment guarantee of due process; (4) Sixth Amendment right to assistance of counsel; (5)

---

[2] Although Mr. Plunkett identifies President Biden as a Defendant in the body of his second amended complaint, he fails to list him as a Defendant in section of the complaint identifying the "Parties."

Eighth Amendment right from cruel and unusual punishment; (6) Ninth Amendment

"guarantee of retention of all of Plunkett's other rights" (*Doc. 19 at 11*); and (7)

Fourteenth Amendment right to due process and equal protection of the laws.[3]

    For the reasons explained below, Mr. Plunkett's claims should be dismissed

for failure to state a plausible constitutional claim for relief.[4]

---

[3] To the extent that Mr. Plunkett alleges that Defendants (generally) violated the Prison Rape Elimination Act when they conducted a digital rectal exam of him in May 2023, this claim fails. *Doc. 19 at 15*. The PREA authorizes the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. See 34 U.S.C. §§ 30301–30309. It does not authorize or create a private right of action. See *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (finding that PREA does not afford a private right of action); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. 2016); see also *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021) (alleged violation of the PREA does not, per se, state a violation of the Eighth Amendment).

[4] In his second amended complaint, Mr. Plunkett states that he "fully reincorporates the factual allegations of the proceeding count as if fully set forth herein." *Doc. 19 at 12*. In addition, he attaches portion of both his first amended complaint and his original complaint to his second amended complaint as exhibits. *Id. at 28-54*.

The Court previously explained to Mr. Plunkett that his amended complaint, if filed, would supersede or replace his previously filed complaints. It is disingenuous for Mr. Plunkett to file a second amended complaint, while also attempting to proceed on his two earlier complaints. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing Rule 8 and affirming dismissal of *pro se* prisoner's 75-page fourth amended complaint that repeatedly referenced earlier filed documents, 260 exhibits and contained numerous "unrelated or overlapping" claims). Furthermore, Local Rule 5.5(e) provides that, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." If Mr. Plunkett had complied with Federal Rule of Civil Procedure 8's command that a complaint contain a "short and plain statement" showing that he is entitled to relief with allegations that are "simple, concise, and direct," the Court might entertain incorporated earlier pleadings. However, it would be extremely difficult and burdensome for the Court to sift through Mr. Plunkett's three different complaints, which together consist of 343 pages of rambling allegations against multiple defendants. See *McKnight v. Douglas Cty. Corr. Facility*, 2021 WL 2634431, at *3 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may

III.    **Discussion**:

A.    **Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Plunkett has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the

---

not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint."). Accordingly, the Court will only consider the claims raised in Mr. Plunkett's second amended complaint. See *Cody v. Loen,* 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished) (citing Rule 8 and affirming dismissal of *pro se* prisoner's 75-page fourth amended complaint that repeatedly referenced earlier filed documents, 260 exhibits and contained numerous "unrelated or overlapping" claims).

facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Furthermore, an action is frivolous if its allegations are "fanciful . . . fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams*, 490 U.S. 319, 327-29 (1989). A "finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

### B.    *Bivens* Action

"[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). A claim under *Bivens* is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam).

However, the Supreme Court has recognized an implied cause of action under *Bivens* on only three occasions. *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019). Those three occasions include: (1) the ground-breaking *Bivens* case itself, which involved an allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) *Carlson v. Green*, 446 U.S. 14 (1980), which involved a failure to treat a prisoner's asthma in violation of the Eighth Amendment; and (3)

*Davis v. Passman*, 442 U.S. 228 (1979), which involved gender discrimination in

violation of Fifth Amendment due process rights.

### C.    First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment Claims

Mr. Plunkett fails to include any factual allegations in support of his

conclusory assertions that Defendants violated his First,[5] Fourth, Fifth, Sixth, Ninth,

or Fourteenth Amendment rights.[6] His speculative, conclusory, and unsubstantiated

allegations against Defendants are insufficient to state plausible constitutional

claims. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a

---

[5] Mr. Plunkett generally alleges that, as a result of the Defendants' conspiracy, his "rights of access to the courts and to due process" have been violated. *Doc. 19 at 14*. He references the dismissal of a civil rights lawsuit originally filed in this Court, then transferred to the Southern District of Georgia. *Id. at 15*. He states that he would have prevailed on the merits of the claims raised in that case had the case not been dismissed based on his failure to respond to a Court order. However, Mr. Plunkett fails to explain how any of the named Defendants were involved in the dismissal of his civil rights case in anyway.

In addition, Mr. Plunkett claims that his right to access the press and his right to the assistance of counsel have been "blocked by virtue of telephone numbers to the United States Attorney's officers and congressmen being blocked." *Id. at 23*. Mr. Plunkett also alleges that specific email addresses have been "blocked." *Id*. However, Mr. Plunkett again fails to explain how any of the named Defendants were specifically involved in any such conduct. Rather, Mr. Plunkett claims that "the 'blocks' were placed by[sic] this facility at the direction and request of President Biden and the Cabinet and Senior Officials Defendants." *Id*.

[6] Mr. Plunkett conclusively states that Defendants denied him due process when they conspired "with one another to have Plaintiff moved to a facility which is unofficially a 'communications management unit' and unofficially placed [him] on 'central inmate monitoring' without due process." *Doc. 19 at 12*. He goes on to state that he is actually "being held in an illegal and undisclosed Bureau of Prisons facility on foreign soil in Cuba for the purpose of torture and to cause Plaintiff's death through denial of medical treatment and poison." *Id*.

Mr. Plunkett also conclusively alleges, without any factual support, that Defendants acted "with the express intent to deny Plunkett the equal protection of the laws." *Id. at 17*.

"formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Because these proposed claims fail on their face, it is unnecessary to conduct any further analysis to determine whether Mr. Plunkett is entitled to pursue these claims under *Bivens*.[7]

## D.    Eighth Amendment - Medical Deliberate Indifference[8]

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). To state such a claim, Mr. Plunkett must allege facts to show that Defendants acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). An inadvertent

---

[7] Courts must apply a two-step analysis to determine whether a plaintiff may include a cause of action under *Bivens*. *Farah v. Weyker*, 926 F.3d 492, 498 (8th Cir. 2019). First, the Court must determine whether his claim is "the type for which a *Bivens* remedy is [presently] available." *Id.*, 926 F.3d at 497. If no previously recognized *Bivens* claim is alleged, and the plaintiff seeks to expand *Bivens*, the Court must determine whether "special factors counsel[ ] hesitation" in extending *Bivens* to the proposed claim. *Farah*, 926 F.3d at 498 (omitting internal quotations). The Supreme Court recently explained that, in practice, the two-step "inquiry often resolves to a single question: whether there is any reason to think that Congress might be better equipped to create a damage remedy." *Egbert v. Boule*, 142 S. Ct. 1793, 1798 (June 8, 2022) (declining to imply a right of action under *Bivens* for a prisoner's First Amendment retaliation claim).

[8] Because *Bivens* has specifically been extended to include Eighth Amendment claims based on constitutionally inadequate medical care, and Mr. Plunkett provides additional factual allegations regarding this claim, this RD provides additional analysis regarding Mr. Plunkett's Eighth Amendment claim.

or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Id. at 575*. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

To adequately plead "that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must allege facts to show a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746–47 (8th Cir. 2013). A defendant can only be liable for providing unconstitutional medical care if his or her actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Here, Mr. Plunkett's second amended complaint alleges that Defendants generally failed to properly treat his: (1) skin cancer lesions; (2) heart condition; (3) blood pressure; and (4) dental needs in February 2021. *Doc. 19 at 18-21*. However, Mr. Plunkett fails to allege any facts to show how each named Defendant: (1) was specifically aware of his need for medical treatment; or (2) failed to provide him

medical treatment. For example, he generally alleges that: (1) Defendants Tomar, Woodard, Harris, Kessel, Edge, Juchau, Nicholas, Yates, and Garrett acted with "malicious intent to cause harm and malice aforethought, deliberately indifferent to Plaintiff's serious medical condition[s]" (*Id. at 19*); and (2) Defendants "directed a campaign of psychological torture in violation of the Eighth Amendment." *Id. at 13*.

This is Mr. Plunkett's third attempt to allege facts that will survive screening. Once again, his broad and conclusory allegations are insufficient to satisfy minimum pleading standards. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Mr. Plunkett's latest proposed complaint includes no allegations describing what each Defendant specifically did or failed to do that was constitutionally inadequate, nor does he identify a causal link between alleged unconstitutional conduct and resulting injury. Accordingly, Mr. Plunkett's second amended complaint fails to state a plausible medical deliberate indifference claim against any named Defendant.[9]

---

[9] In exhibit A to his second amended complaint, Mr. Plunkett alleges that, although he underwent an x-ray examination of his lung, "no one from the medical staff at this institutional has spoken to me about what could possibly be lung cancer up to, and including, the time of this writing." *Id. at 35*. Again, however, Mr. Plunkett fails to allege that any named Defendant failed to provide him any specific medical treatment.

In addition, in exhibit B to his second amended complaint, Mr. Plunkett alleges that, on several unidentified occasions, Defendant Candance Nicholls fails to provide him prescription medication. *Doc. 19 at 42*. However, Mr. Plunkett did not plead any facts suggesting that he suffered any harm as a result of any delay in receiving medication. See *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no Eighth Amendment violation if a prisoner is not actually harmed

### E.    Conspiracy

Mr. Plunkett's failure to plead any constitutional claim is fatal to his conspiracy claim. See *Agency Servs. of Arkansas, Inc. v. Mongar*, 2014 WL 1760894, *6 (E.D. Ark. May 2, 2014) (citing *Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 406–407 (Ark. 2002)) (internal citation omitted) ("A civil conspiracy is not actionable in and of itself, but a recovery may be had for damages caused by acts committed pursuant to the conspiracy.").

## IV.    <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Plummer's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.    Mr. Plummer's motion for preliminary injunctive relief (*Doc. 18*) be DENIED, as moot.

3.    The Clerk be instructed to close this case.

4.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

5.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

---

by the failure to receive medical care); *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation).

Dated 11 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE